UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARCUS A. RODRIGUEZ,

        **Plaintiff,**

                                        **Civil Action 2:16-cv-302**
    **v.**                               **Judge Michael H. Watson**
                                        **Magistrate Judge Elizabeth P. Deavers**

HOLLY UHRIG, *et al.*,

        **Defendants.**

### ORDER and REPORT AND RECOMMENDATION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.   (ECF No. 1.)   Plaintiff is required to pay the full amount of the Court's $350.00 filing fee.   28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently possesses the sum of $0.08 in his prison account, which is insufficient to pay the full filing fee.   His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $26.67.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Id # A655138) at Chillicothe Correctional Institution ("CCI") is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.   28 U.S.C. § 1915(b)(2).   *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.   The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.   The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.   This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

2

**I.**

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants, Correctional

Officers Holly Uhrig, Deanna Garrett, and Tara Smith, violated his constitutional rights by

subjecting him to cruel and unusual punishment and retaliating against him for using the prison

grievance process.   (*See* Pl's Compl., ECF No. 1–1.)   Plaintiff claims that Defendants filed

false conduct reports against him, forced his expulsion from prison rehabilitation programs, and

conducted excessive "shakedowns" of his cell in retaliation for his use of the prison grievance

system and in violation of the Eighth Amendment.   (*Id.* at 4–10.)

This case is related to a previous case in which Plaintiff sued Defendants Uhrig and

Smith for violating his due process and equal protection rights.   *See Rodriguez v. Uhrig*, No.

2:15-cv-2591, 2016 WL 96176, at *1–3 (S.D. Ohio Jan. 8, 2016) ("Case 2591"); (Related Case

Memorandum Order, ECF No. 2.)   This Court dismissed Case 2591 on January 8, 2016 for

failure to state a claim after an initial screen.   *Id.*   Case 2591 involved the same factual bases

as the current matter, namely that Defendants Uhrig and Smith "targeted [Plaintiff] for

'clandestine forms of punishment' based on his race, ethnicity, or gender, falsified conduct

reports against him, and retaliated against him for filing grievances against them based on their

behavior."   *Rodriguez*, 2016 WL 96176, at *1–3.

In this case, Plaintiff alleges that Defendant Uhrig filed false conduct reports and created

an "an environment that prevented his participation in any program that would have benefited his

Rehabilitation [sic] efforts," which, he in turn asserts, violated his Eighth Amendment rights.

(Pl's Compl. 3–4, ECF No. 1–1.)   Plaintiff also alleges that Defendant Uhrig falsely accused

him of attempting to violate a rule prohibiting him from being present in an assigned work area

with only one female staff member present.   (*Id.* at 4.)   According to Plaintiff, the result of this

false accusation was a conduct report for disobeying a direct order that led to his expulsion from the "Independent (Horizon) Program." (*Id.*) Plaintiff further contends that Defendant Uhrig denied him an opportunity to have his job reclassification rescheduled and "misstated the facts and told lies to have the Plaintiff labelled, that he stalks female staff." (*Id.* at 5.)

Plaintiff alleges that Defendant Garrett, as the "Chief Staff member of the Unit," was obligated to conduct an independent investigation of Defendant Uhrig's conduct reports but failed to do so. (*Id.* at 5–6.) Plaintiff further asserts that Defendant Garrett violated his constitutional rights by exhibiting racial bias toward Plaintiff and "continu[ing] the lies of Defendant Uhrig." (*Id.* at 6–7.) Plaintiff alleges that Plaintiff Garrett "misstated facts to the Horizon Program Director" by stating that there were "3 to 4 pending Conduct Reports, alleging Attempted Establishing a relationship [sic]," that resulted in his removal from prison programs. (*Id.* at 7.)

With respect to Defendant Smith, Plaintiff alleges that she exhibited a "clear problem with the Hispanic culture," filed false conduct reports, and purposefully destroyed Plaintiff's personal property in the course of conducting an excessive number of shakedowns of Plaintiff's cell, all of which amounted to a violation of his Eighth Amendment rights. (*Id.* at 9–10.) Furthermore, Plaintiff contends that the Defendants' actions were in retaliation for his use of the internal grievance process against Defendant Uhrig, who then colluded with Defendants Garrett and Smith to violate his Eighth Amendment rights. (*See id.* at 10.)

## II.

Congress enacted 28 U.S.C. §§ 1915(e) and 1915A, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court

costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain

from filing frivolous, malicious, or repetitive lawsuits.'"   *Id*. at 31 (quoting *Neitzke v. Williams*,

490 U.S. 319, 324 (1989)).   To address this concern, Congress included subsection (e)1  as part of

the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,
> the court shall dismiss the case at any time if the court determines that--
>
>         *         *         *
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring

the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the

complaint if it is frivolous, malicious, or fails to state a claim).   Thus, §§ 1915(e) and 1915A

require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous

or malicious, or upon determination that the action fails to state a claim upon which relief may be

granted.

      To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

*See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. § 1915(e)(2)(B)(ii)).   Although this pleading

standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and

---

[1]  Formerly 28 U.S.C. § 1915(d).

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a

motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is

plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the

complaint in the light most favorable to the non-moving party, accept all factual allegations as true,

and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning*

*Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations

omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle*

*Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as

true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

## III.

### A.      Defendants Uhrig and Smith

The Undersigned concludes that the claims against Defendants Uhrig and Smith should be

dismissed because the claims are barred by the doctrine of *res judicata*.   Under the doctrine of *res*

*judicata*, or claim preclusion, "a final judgment on the merits bars further claims by parties or their

privies based on the same cause of action."  *Montana v. U.S.*, 440 U.S. 147, 153 (1979).  The

United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof

of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

On January 8, 2016, this Court issued a final decision on the merits in a case between Plaintiff and Defendants Uhrig and Smith. *See Uhrig*, 2016 WL 96176, at *3. The instant action is between same parties, with the addition of Defendant Garrett. (*See* Pl's Compl., ECF No. 1–1.) The claims Plaintiff asserts in this case are premised on the same factual predicate as the 2591 Action. *See Uhrig*, 2016 WL 96176, at *2–3; (Pl's Compl., ECF No. 1–1.) In both cases, Plaintiff declares that Defendants Uhrig and Smith violated his constitutional rights by falsely accusing him of attempting to establish relations with female staff, writing false conduct reports, removing him from prison rehabilitation programs, and harboring a bias against Hispanic men. Although he only asserted claims for violations of his due process and equal protection rights, Plaintiff had a full opportunity to raise a claim that Defendants Uhrig and Smith violated his Eighth Amendment rights in the 2591 Action because the causes of action share a common identity. *Wilkins v. Jakeway*, 183 F.3d 528 (6th Cir. 1999) (discussing the applicability of *res judicata* in situations arising from the same factual situation, regardless of whether the Plaintiff offers different theories of the case). Indeed, Plaintiff admits as much, stating that he "had previously filed a Civil Complaint in this Court, which includes some of the same Defendants, and relating to some of the same or similar issues." (Pl's Compl. 2, ECF No. 1–1.)

Plaintiff's Eighth Amendment claims against Defendants Uhrig and Smith fail for the additional reason that they do not state a claim upon which relief can be granted.   The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates.   U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).   State officials are prohibited from enacting punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime."   *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal citations and quotations omitted).   If the inmate's claim relates to the conditions of confinement, as opposed to a claim for the use of excessive force, "the Eighth Amendment only addresses 'deprivations of essential food, medical care or sanitation' or 'other conditions intolerable for prison confinement.'"   *Coleman v. Governor of Mich.*, 413 F. App'x 866, 875 (6th Cir. 2011) (citing *Rhodes*, 452 U.S. at 348); *see also Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (holding that a conditions of confinement claim requires a substantial risk of serious harm such as the deprivation of food, clothing, shelter, medical care, and reasonable safety).

Applied here, Plaintiff fails to allege that Defendants used excessive force against him. Instead, he asserts that "[t]hough there may be no physical suffering, the humiliation, discrimination, degradation and mental suffering did reach a level to constitute Cruel Punishment."   (Pl's Compl. 10, ECF No. 1–1.)   Contrary to Plaintiff's assertions, Defendants' conduct does not violate his Eighth Amendment rights.   Plaintiff has neither a constitutional right to be free from false accusations nor a liberty interest in an appeal from a conviction of conduct report charges.   *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (A "prisoner has no constitutional right to be free from false accusations of misconduct.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *Fields v. Henry Cnty., Tenn*, 701 F.3d 180, 186 (6th Cir. 2012)

("Procedural rights that do not require a particular substantive outcome cannot give rise to protected liberty interests." (internal quotation marks and citation omitted)).   Plaintiff does not have a constitutional right to a particular classification or to any particular eligibility for rehabilitative programs.   *Griffin v. Kallen*, 791 F.2d 933, at \*1 (6th Cir. 1986) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)).   Furthermore, Plaintiff's assertions that Defendant Smith violated his Eighth Amendment rights by engaging in excessive shakedowns that resulted in the destruction of his property also fails.   *See Coleman* 413 F. App'x at 875 ("In relation to the conditions of confinement, the Eighth Amendment only addresses 'deprivations of essential food, medical care or sanitation' or 'other conditions intolerable for prison confinement.'") (citation omitted); *see also Hudson v. Palmer*, 468 U.S. 517, 517 (1984) ("imprisonment carries with it the circumscription or loss of many rights as being necessary to accommodate the institutional needs and objections of prison facilities, particularly internal security and safety").   The Eighth Amendment, as it relates to conditions of confinement, is limited in scope to deprivations of necessities, and does not encompass conclusory allegations of prison officials exercising "perhaps the most effective weapon in the constant fight against the proliferation of knives and guns, illicit drugs, and other contraband."   *Hudson*, 468 U.S. at 528.

To the extent that Plaintiff raises a claim of retaliation in violation of his First Amendment rights, he also fails to state a claim upon which relief can be granted.   To establish a retaliation claim, Plaintiff must show that "1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct." *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).   If an inmate is found guilty in a prison disciplinary hearing, the inmate

9

"cannot use § 1983 to collaterally attack the hearing's validity or the conduct underlying the disciplinary conviction." *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005). Here, Plaintiff's claims relate to conduct reports filed by the Defendants. He admits he was found guilty of the disciplinary charges brought against him by Defendants Uhrig and Smith. (*See* Pl's Compl. 4, 9, ECF No. 1–1.) Furthermore, his claims that Defendants conspired to retaliate against him for filing complaints in the prison grievance system are purely conclusory and, without more, too attenuated to support a retaliation claim. For these reasons, it is recommended that Plaintiff's claims against the Defendants Uhrig and Smith be dismissed for failure to state a claim.

**B**.     **Defendant Garrett**

The claims against Defendant Garrett should similarly be dismissed for failure to state a claim upon which relief can be granted. Plaintiff ties his allegations about Defendant Garrett's conduct to his allegations relating to Defendant Uhrig. (*See* Pl's Compl. 5–9, ECF No. 1–1.) Specifically, Plaintiff faults Defendant Garret for failing to conduct an independent review of Defendant Uhrig's reports and "continu[ing] the lies of Defendant Uhrig." (*Id.* at 6–7.) Therefore, as previously discussed, Plaintiff's Eighth Amendment and retaliation claims against Defendant Garrett relating to the allegations of false conduct reports, grievance process, and removal from prison programming fail. *Jackson*, 61 F. App'x at 132; *Griffin*, 791 F.2d at *1.

To the extent Plaintiff intends to set out a claim of hostile work environment with his accusations that Defendant Garrett exhibited racial bias, this claim likewise fails. Plaintiff's allegations that Defendant Garrett created a hostile environment amounting to an Eighth Amendment violation are, at best, conclusory and do not fall within the ambit of the Eighth Amendment. *See Coleman* 413 F. App'x at 875 (holding that the Eighth Amendment only addresses deprivation of basic necessities or other conditions intolerable for prison confinement);

10

*see also Iqbal*, 556 U.S. at 678 (holding that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted).   Therefore, Plaintiff does not state a claim on which relief can be granted against Defendant Garrett.

In sum, Plaintiff fails to provide sufficient facts to state a claim for relief that is plausible on its face.   Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Response to objections must be filed within fourteen (14) days after being served with a copy.   Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court.   *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).   Even when timely objections are filed, appellate review of issues not raised in those objections is waived.   *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

11

**IT IS SO ORDERED.**

Date: April 18, 2016

/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge