UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Marcus A. Rodriguez,**

    **Plaintiff,**

    v.                            Case No. 2:16–cv–302

**Holly Uhrig,** *et al.*,        Judge Michael H. Watson
                                     Magistrate Judge Deavers

    **Defendants.**

## OPINION AND ORDER

    Plaintiff brings this action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights by subjecting him to cruel and unusual punishment and retaliating against him for using the prison grievance process. The Magistrate Judge performed an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and issued a report and recommendation ("R&R") recommending its dismissal. R&R, ECF No. 3.

    Specifically, the Magistrate Judge recommended the Court dismiss Plaintiff's Eighth Amendment and retaliation claims against Defendants Holly Uhrig ("Uhrig") and Tara Smith ("Smith") on *res judicata grounds* and for failure to state a claim upon which relief may be granted. R&R 6–10, ECF No. 3. The Magistrate Judge further recommended the Court dismiss Plaintiff's Eighth Amendment, retaliation, and hostile work environment claims against Defendant Deanna Garrett for failure to state a claim upon which relief may be granted. *Id.*

at 10-11. Plaintiff objects on what appear to be two separate grounds. ECF No. 3.

### A. *Res Judicata*

Plaintiff first appears to object to the Magistrate Judge's findings that his claims against Uhrig and Smith are barred by *res judicata*.

In Ohio, the doctrine of *res judicata*, or claim preclusion, provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Miller v. Countrywide Home Loans*, 747 F. Supp. 2d 947, 960 (S.D. Ohio 2010) (citation omitted). Claim preclusion is established by satisfying four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Rider v. HSBC Mort. Corp. (USA)*, No. 2:12–cv–924, 2013 WL 992510, at *4 (S.D. Ohio Mar. 13, 2013).

The Magistrate Judge determined that Plaintiff's claims against Uhrig and Smith are barred by *res judicata* because Plaintiff could have litigated his instant claims in a previous case he brought against Uhrig and Smith, Case No. 15–cv–2591. R&R 7–8, ECF No. 3. The Court dismissed Plaintiff's complaint in that case for failure to state a claim. *See* ECF No. 7, Case No. 15–cv–2591.

Defendant appears to argue that the Magistrate Judge erred in finding that the dismissal of his complaint in the previous case constituted a valid decision on the merits, asserting that the Court dismissed the complaint without prejudice.

Plaintiff's argument is not well taken. The Court dismissed Plaintiff's previous complaint against Uhrig and Smith for failure to state a claim upon which relief may be granted. See ECF No. 7, Case No. 15–cv–2591. As such, the dismissal was on the merits and therefore with prejudice, even though the Order did not explicitly indicate the same. Cf. Pratt v. Ventas, Inc., 365 F.3d 514, 522 (6th Cir. 2004) (dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits and therefore done with prejudice). Plaintiff's objection on this ground is therefore overruled.

### B. Failure to State an Eighth Amendment Claim

Plaintiff also appears to object to the Magistrate Judge's determination that Plaintiff failed to state an Eighth Amendment claim against any of the three Defendants, asserting that his claims "reach a level to warrant relief." Obj. 1, ECF No. 4. He maintains that "[t]he constant harassment by the Defendants over several months through the writing of False Conduct Reports, intentional 'shake downs' and the Racial Discrimination, is an infliction of mental anguish." Obj. 2, ECF No. 4. Plaintiff provides no support, however, for the notion that such conduct constitutes excessive force or rises to the level of cruel and unusual punishment. The Court finds that it does not. Accordingly, Plaintiff's objection on this ground is overruled.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection, ECF No. 4, **ADOPTS** the R&R, ECF No. 3, and **DISMISSES** Plaintiff's Complaint. The Clerk shall terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**